GRESHOM TAYLOR, Admr., and Another, *v.* BARNET S. WAIT.

*Official Sales.    Change of Possession.*

The property in question is the proceeds of property bid off at a sheriff's sale by the plaintiff's intestate under an agreement by which it was to go back into the possession of the debtor, he having power to sell or substitute it for other property. It was sold on an execution in favor of another party; the transaction was in good faith, and not to defraud creditors. *Held*, that the contract was valid; that it was a legitimate way of assisting an unfortunate debtor.

TRESPASS, with a count in trover, for four horses and a quantity of lumber and chair stock. Pleas, general issue, and justification under process. Trial by jury, September Term, 1881, TAFT, J., presiding. Verdict directed for the defendant.

This case has been before the court at another term, and the facts are reported in the 52d Vt. 544.

*E. L. Waterman*, for the plaintiff.

*Martin & Eddy*, for the defendant.

The opinion of the court was delivered by

ROWELL, J. The proceedings in favor of the bank appear to have been *in invitum*, and for the honest purpose of enforcing payment of Graham's indebtedness to it. The law was invoked, and its process used, in the ordinary way for the collection of a debt. The bank was no party to the agreement between Graham and

Taylor *v*. Wait.

the Taylors, nor does it appear that it was even cognizant of it. The property was sold on the bank execution absolutely, for the purpose of obtaining payment and not for the purpose of obtaining security. The case is unlike *Webster* v. *Denison*, 25 Vt. 493. There the process of the law was used for the purpose of obtaining, not payment, but security to the judgment creditor, who was the purchaser at the sheriff's sale.

By the agreement between Graham and the Taylors, the property that the latter should bid off, and all the property substituted for it, was to remain theirs till Graham should pay the amount of their bids and his indebtedness and liability to them, and then to become his. This appears to have been an honest transaction, not entered into for the purpose of defrauding creditors, but to enable Graham to continue his business, that he might ultimately acquire the means of paying his debts.

But it is claimed that the case now differs from what it was when before this court on a former occasion, as reported in 52 Vt. 544, in that at the last trial it was conceded that Graham retained an equitable interest in the property. But what was that interest? If it was nothing more than what the agreement between him and the Taylors would seem to indicate, namely, the right on his part of re-acquiring title to the property on performance of the conditions stipulated, the title of the Taylors would not thereby be defeated.

We cannot see that the case is materially different from what it was before; and we regard the agreement between Graham and the Taylors as legitimate, and a proper means of assisting an honest but unfortunate debtor to extricate himself from the stress of financial embarrassment. It amounts to no more than a conditional sale to Graham, the title not vesting in him till the condition is performed.

Judgment reversed, and cause remanded.